UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DENISE HILL,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, DET. ROBERT JENNINGS,
Shield No. 01900, P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown), AMERADA HESS CORPORATION
d/b/a HESS GASOLINE, and BEY BI,

                Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff DENISE HILL, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights by defendants THE CITY OF NEW YORK, DET. ROBERT JENNINGS, and P.O.s JOHN and JANE DOE #1-10 ("Municipal Defendants"), as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims against defendants AMERADA HESS CORPORATION and BEY BI.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DENISE HILL is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant AMERADA HESS CORPORATION was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

8. That at all times hereinafter mentioned, defendant AMERADA HESS CORPORATION operated, managed, maintained, and controlled the Hess Gasoline station located at 502 W. 45th Street, in the County, City and State of New York.

9. That at all times hereinafter mentioned, the individually named defendant BEY BI was an employee, servant and/or agent of defendant AMERADA HESS CORPORATION and was acting under the supervision of said defendant and according to her official duties.

10. That at all times hereinafter mentioned, the individually named defendant BEY BI was acting within the scope of his employment and for and on behalf of his employer, defendant AMERADA HESS CORPORATION.

11. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

13.     That at all times hereinafter mentioned, the individually named defendants DET. ROBERT JENNINGS and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

14.     That at all times hereinafter mentioned the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15.     Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

16.     Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

17.     On February 12, 2004, at approximately 10:30 a.m., plaintiff DENISE HILL met defendant DET. ROBERT JENNINGS at the Midtown North Detective Squad of the New York City Police Department, in Manhattan, New York.

18.     At the aforesaid time and place, plaintiff DENISE HILL was handcuffed and taken into custody for grand larceny by defendant DET. ROBERT JENNINGS, despite defendant's

knowledge that he lacked probable cause to do so.

19. Plaintiff DENISE HILL was held at the Midtown North Detective Squad for approximately twenty-four hours and was then transported to Manhattan Central Booking.

20. Plaintiff DENISE HILL was held and detained in police custody for approximately thirty hours.

21. Defendant DET. ROBERT JENNINGS initiated criminal proceedings against plaintiff DENISE HILL despite defendant's knowledge that he lacked probable cause to do so.

22. The criminal court complaint was based upon false information provided to defendant DET. ROBERT JENNINGS by defendants Amerada Hess Corporation and BEY BI.

23. Defendants falsely accused plaintiff DENISE HILL of having removed money from her cash drawer on August 23, 2004, while working as a cashier at the Hess Gas Station at 502 W. 45th Street, in the County, City and State of New York.

24. During the period between February 12, 2004 and November 18, 2004, plaintiff DENISE HILL was required to make several court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

25. On or about November 18, 2004, all charges against plaintiff DENISE HILL were dismissed upon motion of the District Attorney's Office.

26. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff DENISE HILL of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff DENISE HILL was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff DENISE HILL's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DENISE HILL.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DENISE HILL.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff DENISE HILL.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DENISE HILL.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff DENISE HILL.

45. Defendants acted with malice in continuing criminal proceedings against plaintiff DENISE HILL

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

47. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DENISE HILL's favor on or about November 18, 2004, when all charges against plaintiff were dismissed upon motion of the District Attorney's Office.

**FOURTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to place plaintiff DENISE HILL under arrest.

50. Defendants arrested plaintiff DENISE HILL in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to plaintiff DENISE HILL without excuse or justification.

52. As a result of the foregoing, plaintiff DENISE HILL's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Municipal Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting and prosecuting African-Americans based upon unsubstantiated allegations by business entities, without properly investigating, assessing, evaluating or verifying such allegations.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DENISE HILL.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DENISE HILL as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DENISE HILL was unlawfully arrested and incarcerated.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DENISE HILL's constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff DENISE HILL of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have cruel and unusual punishment imposed upon her; and

    F. To receive equal protection under the law.

62. As a result of the foregoing, plaintiff DENISE HILL is entitled to compensatory damages against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS AGAINST
## AMERADA HESS CORPORATION AND/OR BEY BI

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, caused the arrest of plaintiff DENISE HILL.

65.     Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, provided false and misleading information to the New York City Police Department in order to secure the arrest of plaintiff DENISE HILL.

66.     As a result of the aforesaid conduct by defendants AMERADA HESS CORPORATION and BEY BI, plaintiff DENISE HILL was subjected to an illegal, improper and false arrest by the Municipal Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Municipal Defendants in criminal proceedings.

67.     The aforesaid actions by defendants AMERADA HESS CORPORATION and BEY BI led to a deprivation of plaintiff DENISE HILL's rights as secured under New York State law.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, provided prosecutors with false information in an attempt to induce the prosecution of plaintiff DENISE HILL.

70.     Defendant AMERADA HESS CORPORATION, through its employees, servants

and/or agents, including defendant BEY BI, importuned prosecutors to prosecute plaintiff DENISE HILL.

71. As a result of the conduct of defendant AMERADA HESS CORPORATION's employees, servants and/or agents, including defendant BEY BI, a criminal proceeding against plaintiff DENISE HILL was commenced on or about February 12, 2004.

72. Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, urged the continuation of said proceeding despite the fact that they knew or should have known that plaintiff DENISE HILL had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

73. Defendants AMERADA HESS CORPORATION and BEY BI were directly and actively involved in the initiation of criminal proceedings against plaintiff DENISE HILL.

74. Defendants AMERADA HESS CORPORATION and BEY BI knew or should have known that there was no probable cause to initiate criminal proceedings against plaintiff DENISE HILL.

75. Defendants AMERADA HESS CORPORATION and BEY BI were motivated by actual malice in initiating criminal proceedings against plaintiff DENISE HILL.

76. Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, misrepresented and falsified evidence before the District Attorney.

77. Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, did not make a complete and full statement of facts to the District Attorney.

78. Defendants AMERADA HESS CORPORATION and BEY BI withheld exculpatory

evidence from the District Attorney.

79. Defendants AMERADA HESS CORPORATION and BEY BI were directly and actively involved in the continuation of criminal proceedings against plaintiff DENISE HILL.

80. Defendants AMERADA HESS CORPORATION and BEY BI knew or should have known that there was no probable cause to urge the continuation of criminal proceedings against plaintiff DENISE HILL.

81. Defendants AMERADA HESS CORPORATION and BEY BI were motivated by actual malice in urging the continuation of criminal proceedings against plaintiff DENISE HILL.

82. Notwithstanding the perjurious and fraudulent conduct of defendants AMERADA HESS CORPORATION and BEY BI, the criminal proceedings ended in a favorable termination when all charges against plaintiff DENISE HILL were dismissed on or about November 18, 2004.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, urged the Municipal Defendants to issue legal process to place plaintiff DENISE HILL under arrest.

85. Defendant AMERADA HESS CORPORATION, through its employees, servants and/or agents, including defendant BEY BI, urged the Municipal Defendants to arrest plaintiff DENISE HILL to obtain a collateral objective outside the legitimate ends of the legal process.

86. Defendants AMERADA HESS CORPORATION and BEY BI acted with intent to do harm to plaintiff DENISE HILL, without excuse or justification.

87. As a result of the aforementioned conduct, plaintiff DENISE HILL suffered emotional injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90. The aforementioned conduct was committed by employees, servants and/or agents of defendant AMERADA HESS CORPORATION, including defendant BEY BI, while acting within the scope of their employment.

91. The aforementioned conduct was committed by employees, servants and/or agents of defendant AMERADA HESS CORPORATION, including defendant BEY BI, while acting in furtherance of their employment.

92. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff DENISE HILL.

93. As a result of the aforementioned conduct, plaintiff DENISE HILL suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## PRIMA FACIE TORT

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendants AMERADA HESS CORPORATION and BEY BI, by the aforesaid conduct, inflicted harm upon plaintiff DENISE HILL.

96. The aforesaid conduct of defendants AMERADA HESS CORPORATION and BEY BI was intentional.

97. The aforesaid conduct of defendants AMERADA HESS CORPORATION and BEY

BI was without any excuse or justification

98. As a result of the conduct of defendants AMERADA HESS CORPORATION and BEY BI, plaintiff DENISE HILL sustained, *inter alia*, severe emotional distress, embarrassment, and humiliation, deprivation of her constitutional rights, and special damages.

99. As a result of the foregoing, plaintiff DENISE HILL is entitled to compensatory damages against defendant AMERADA HESS CORPORATION in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff demands judgment against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, and against defendant AMERADA HESS CORPORATION in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         November 9, 2005

_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355