UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DENISE HILL,

                                        Plaintiff,

                                                        05 CV 9473 (RMB)(JCF)

                    -against-

THE CITY OF NEW YORK, DET. ROBERT JENNINGS,
Shield No. 01900, P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown), AMERADA HESS CORPORATION
d/b/a HESS GASOLINE, and BEY BI,

                                        Defendants.

------------------------------------------------------------------------ x


**DEFENDANTS CITY OF NEW YORK, DETECTIVE
ROBERT JENNINGS, AND AMERADA HESS
CORPORATIONS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS THE
COMPLAINT PURSUANT TO FED. R. CIV. P.
12(B)(6) AND 12(C)**


MICHAEL A. CARDOZO
Corporation Counsel of the
        City of New York
100 Church Street
New York, New York 10007
Of Counsel: Anna L. Nguyen
(212) 788-0971
NYCLIS #: 05SF014432

Attorney for Defendants City of New
York and Detective Robert Jennings

FRIEDMAN KAPLAN
    SEILER & ADELMAN LLP
Paul J. Fishman (PF 9359)
Lance J. Gotko (LG 5443)
Joshua D. Jacobson (JJ 5920)
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

Attorneys for Defendant
Amerada Hess Corporation

400849.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... iv

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ...........................................................................................2

RULES 12(b)(6) and 12(C) STANDARD FOR DISMISSAL.....................................4

ARGUMENT

    POINT I

        PLAINTIFF'S FALSE ARREST CLAIMS SHOULD BE
        DISMISSED AS AGAINST THE CITY DEFENDANTS
        AND DEFENDANT HESS FOR FAILURE TO STATE A
        CLAIM.........................................................................................................5

        A.    Plaintiff's § 1983 Claim of False Arrest as Against
              the City Defendants Fails as the City Defendants
              had Probable Cause to Arrest Plaintiff........................................5

        B.    Plaintiff's State Law Claim of False Arrest Against
              Defendant Hess is Barred by the Statute of
              Limitations and Fails for Lack of Causation...............................7

              1.    Plaintiff's State Law Claim for False Arrest
                     Against Defendant Hess is Barred by the
                     Statute of Limitations.........................................................7

              2.    Plaintiff's State Law Claim for False Arrest
                       Against Defendant Hess Fails for Lack of
                     Causation............................................................................8

    POINT II

        PLAINTIFF FAILS TO STATE A CLAIM AS AGAINST
        THE CITY DEFENDANTS AND DEFENDANT HESS
        FOR MALICIOUS PROSECUTION .......................................................9

        A.    Plaintiff Cannot Show that the City Defendants or
              Defendant Hess Instituted a Criminal Proceeding
              Against Plaintiff. .......................................................................9

B.   The Complaint Fails to Allege Termination in Favor of the Accused..........................................................................10

C.   The Existence of Probable Cause to Prosecute Plaintiff is an Absolute Bar to Plaintiff's Claims for Malicious Prosecution Against the City Defendants and Defendant Hess. ..................................................................11

D.   There is No Evidence of Malice on the Part of the City Defendants or Defendant Hess..........................................12

POINT III

PLAINTIFF CANNOT ESTABLISH A CLAIM FOR ABUSE OF PROCESS AGAINST THE CITY DEFENDANTS ............................................................................12

POINT IV

DEFENDANT DETECTIVE JENNINGS IS ENTITLED TO QUALIFIED IMMUNITY ...........................................................14

A.   Defendant Detective Jennings is Entitled to Qualified Immunity for False Arrest and Malicious Prosecution...........................................................................16

B.   Defendant Detective Jennings is Entitled to Qualified Immunity for Malicious Abuse of Process. ....................................................................................18

POINT V

PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK ..................................................................................18

POINT VI

THE STATE LAW CLAIM AGAINST DEFENDANT HESS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED ....................................21

POINT VII

      PLAINTIFF'S CLAIM FOR PRIMA FACIE TORT
      AGAINST DEFENDANT HESS SHOULD BE
      DISMISSED .............................................................................................23

      A.     Plaintiff Has Failed to Plead Special Damages.........................................23

      B.     Prima Facie Tort Is Not Available. ...........................................................23

POINT VIII

      ALL OF PLAINTIFF'S CLAIMS AGAINST
      DEFENDANT HESS SHOULD BE DISMISSED FOR
      FAILURE TO ALLEGE VICARIOUS LIABILITY ...........................................24

CONCLUSION.............................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Pages**

Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Assoc. v.
    Bernard M. Baruch College,
    835 F.2d 980 (2d Cir. 1987).............................................................................4

Allan v. City of New York,
    386 F. Supp. 2d 542 (S.D.N.Y. 2005)......................................................19

Al Raschid v. News Syndicate Co.,
    265 N.Y. 1, 191 N.E. 713 (1934)...............................................................10

Anderson v. Creighton,
    483 U.S. 635 (1987)...........................................................................15, 16

Berman v. Silver, Forrester & Schisano,
    156 A.D.2d 624, 549 N.Y.S.2d 125 (2d Dep't 1989).............................13

Bernard v. United States,
    25 F.3d 98 (2d Cir. 1994)...................................................................5, 11

Boddie v. Schnieder,
    105 F.3d 857 (2d Cir. 1997)......................................................................5

Bryant v. Maffucci,
    923 F.2d 979 (2d Cir. 1991),
    cert. denied, 502 U.S. 849 (1991).............................................................20

C.D. of NYC Inc. v. United States Postal Serv.,
    No. 03-5055, 2004 WL 2072032 (S.D.N.Y. Sept. 16, 2004).................24

Cartier v. Lussier,
    955 F.2d 841 (2d Cir. 1992)....................................................................15

Chamberlain v. Lishnasky,
    970 F. Supp. 118 (N.D.N.Y. 1997).........................................................14

Chambers v. Time Warner, Inc.,
    283 F.3d 147 (2d Cir. 2002)......................................................................3

City of Canton v. Harris,
    489 U.S. 378 (1989)................................................................................19

| Cases | Pages |
|---|---|

**Cases**                                                                                                                  **Pages**

City of St. Louis v. Praprotnik,
    485 U.S. 112 (1988)..................................................................................................19, 20

Colon v. City of New York,
    60 N.Y.2d 78, 468 N.Y.S.2d 453 (1983) ...................................................................9

Conley v. Gibson,
    355 U.S. 41 (1957)...................................................................................................4

Cook v. Sheldon,
    41 F.3d 73 (2d Cir. 1994).........................................................................................12

Coyle v. Coyle,
    302 F. Supp. 2d 3 (E.D.N.Y. 2004) ........................................................................20

Daniels v. City of New York,
    03 CV 0809 (GEL), 2004 U.S. Dist. LEXIS 9361 (S.D.N.Y. May 24, 2004)..........6

Devenpeck v. Alford,
    543 U.S. 146 (2004)............................................................................................6, 17

Du Chateau v. Metro-North Commuter R.R. Co.,
    253 A.D.2d 128, 688 N.Y.S.2d 12 (1st Dep't 1999) .............................................8, 10

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993)......................................................................................20

E.E.O.C. v. Die Fliedermaus, L.L.C.,
    77 F. Supp. 2d 460 (S.D.N.Y. 1999)......................................................................22

Freihofer v. Hearst Corp.,
    65 N.Y.2d 135, 490 N.Y.S.2d 735 (1985) .............................................................23

Goldman v. Belden,
    754 F.2d 1059 (2d Cir. 1985)...................................................................................4

Granato v. City of New York,
    98 CV 667 (ILG), 1999 U.S. Dist. LEXIS 18550 (E.D.N.Y. Oct. 18, 1999) ..........13

Gryl ex rel. Shires Pharms. Group PLC v. Shire Pharms. Group PLC,
    298 F.3d 136 (2d Cir. 2002).....................................................................................3

Harlow v. Fitzgerald,
    457 U.S. 800 (1992)................................................................................................15

| **Cases** | **Pages** |
|---|---|

Hauser v. Bartow,
273 N.Y. 370, 7 N.E.2d 268 (1937)...................................................14

Haybeck v. Prodigy Servs. Co.,
944 F. Supp. 326 (S.D.N.Y. 1996) ..................................................25

Henson v. CSC Credit Services,
29 F.3d 280 (7th Cir. 1993) .............................................................4

Howell v. New York Post Co.,
81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ..........................................21

Hunter v. Bryant,
502 U.S. 224 (1991) (per curiam) ...................................................14

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,
62 F.3d 69 (2d Cir. 1995)..............................................................3, 4

Kinzer v. Jackson,
316 F.3d 139 (2d Cir. 2003)............................................................9

Komsoli v. Fudenberg,
88 CV 1792 (HBP), 2000 U.S. Dist. LEXIS 4237 (S.D.N.Y. Mar. 31, 2000) ........................10

Krause v. Bennett,
887 F.2d 362 (2d Cir. 1989)............................................................6

Lee v. Sandberg,
136 F.3d 84 (2d Cir. 1997)............................................................16

Lennon v. Miller,
66 F.3d 416 (2d Cir. 1995)............................................................16

Lugo v. Milford Mgmt. Corp.,
956 F. Supp. 1120 (S.D.N.Y. 1997)...................................................7

Malley v. Briggs,
475 U.S. 335 (1986)................................................................15, 16

Mariani v. Consol. Edison Co. of New York, Inc.,
982 F. Supp. 267 (S.D.N.Y. 1997) ..................................................22

Martin v. City of Albany,
   42 N.Y.2d 13 (1977) ....................................................................................... 12

Mejia v. City of New York,
   119 F. Supp. 2d 232 (E.D.N.Y. 2000) ........................................................... 7

Mitchell v. Forsyth,
   472 U.S. 511 (1985) ................................................................................. 14, 15

Mitchell v. Home,
   377 F. Supp. 2d 361 (S.D.N.Y. 2005) ...................................................... 8, 10

Monell v. Dep't of Social Services,
   436 U.S. 658 (1978) ........................................................................... 18, 19, 20

Oathout v. Decker,
   99 CV 5868 (WHP)(KNF), 2000 U.S. Dist. LEXIS 12009 (S.D.N.Y. Aug. 21, 2000) ......... 13

Obilo v. City Univ. of New York,
   01 CV 5118  2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. Feb. 28, 2003) ........................... 3, 7, 17

Oklahoma v. Tuttle,
   471 U.S. 808 (1985) ....................................................................................... 18

Oliveira v. Mayer,
   23 F.3d 642 (2d Cir. 1994),
   cert. denied, 513 U.S. 1076 (1995) ........................................................ 6, 15, 16

Pani v. Empire Blue Cross Blue Shield,
   152 F.3d 67 (2d Cir. 1998) .............................................................................. 4

Parratt v. Taylor,
   451 U.S. 527 (1984) ....................................................................................... 18

Pembaur v. City of Cincinnati,
   475 U.S. 469 (1986) ....................................................................................... 19

Posr v. Ct. Officer Shield #207,
   180 F.3d 409 (2d Cir. 1999) ............................................................................. 9

Provost v. City of Newburgh,
   262 F.3d 146 (2d Cir. 2001) ........................................................................... 16

RJC Realty v. Republic Ins. Co.,
   2 N.Y.3d 158, 777 N.Y.S.2d 4 (2004) .............................................................. 24

**Cases**                                                                                                    **Pages**

Ramashwar v. Espinoza,
    2006 U.S. Dist. LEXIS 721 (S.D.N.Y. Jan. 6, 2006)........................................................20, 21

Ricciuti v. N.Y.C. Transit Auth.,
    124 F.3d 123 (2d Cir. 1997)...............................................................................................6

Rohman v. New York City Transit Auth.,
    215 F.3d 208 (2d Cir. 2000).............................................................................................9

Ross v. Mitsui Fudosan, Inc.,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) ...............................................................................24

Rothstein v. Carriere,
    373 F.3d 275 (2d Cir. 2004)........................................................................................9, 10

Rounseville v. Zahl,
    13 F.3d 625 (2d Cir. 1994)..............................................................................................11

Saucier v. Katz,
    533 U.S. 194 (2001)...................................................................................................14, 15

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003)...............................................................................................9

Shaitelman v. Phoenix Mut. Life Ins. Co.,
    517 F. Supp. 21 (S.D.N.Y. 1981) ..................................................................................23

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d. Cir. 1998)........................................................................................5, 17

Smalls v. Bd. of Educ. of City of New York,
    114 Misc. 2d 109, 450 N.Y.S.2d 987 (N.Y. City Civ. Ct. 1982)...................................8

Smith-Hunter v. Harvey,
    95 N.Y.2d 191, 712 N.Y.S.2d 438 (2000) ....................................................................11

Smith v. Edwards,
    175 F.3d 99 (2d Cir. 1999)................................................................................................5

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002)........................................................................................8, 13

Sorlucco v. New York City Police Dep't,
    971 F.2d 864 (2d Cir. 1992)......................................................................................19, 20

**Cases**                                                                                 **Pages**

Staron v. McDonald's Corp.,
    51 F.3d 353 (2d Cir. 1995)..................................................................4

Sulkowska v. City of New York,
    129 F. Supp. 2d 274 (S.D.N.Y. 2001) ...............................................12

Tasso v. Platinum Guild Int'l,
    No. 94-8288, 1997 WL. 16066 (S.D.N.Y. Jan. 16, 1997) .....................24

Tierney v. Davidson,
    133 F.3d 189 (2d Cir. 1998)...............................................................14

Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996)................................................................12

Varela v. Investors Ins. Holding Corp.,
    195 A.D.2d 309, 586 N.Y.S.2d 272 (2d Dep't 1992) ..........................23

Vippolis v. Village of Haverstraw,
    768 F.2d 40 (2d Cir. 1985),
    cert. denied, 480 U.S. 916 (1987) .....................................................18

Walker v. City of New York,
    974 F.2d 293 (2d Cir. 1992)...............................................................19

Washington Square Post No. 1212 v. Maduro,
    907 F.2d 1288 (2d Cir. 1990)............................................................15

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996).................................................................5

**Statutes**

42 U.S.C. §§ 1983 and 1988 ..........................................................1, 18

Fed. R. Civ. P. 12(b)(6) ..............................................................1, 4, 5

Fed. R. Civ. P. 12(c) ...................................................................1, 4, 5

N.Y. C.P.L.R. 215(3) .....................................................................7, 22

N.Y. C.P.L.R. 201 ...............................................................................7

Defendants City of New York and Detective Robert Jennings ("City defendants"), as well as defendant Amerada Hess Corporation ("defendant Hess"), respectfully submit this memorandum in support of their joint motion, pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure[1] to dismiss plaintiff's complaint in its entirety on the grounds that: (1) plaintiff fails to state federal and state law claims for false arrest, (2) plaintiff fails to state federal and state law claims for malicious prosecution, (3) plaintiff fails to state a claim against the City defendants for abuse of process, (4) defendant Detective Jennings is entitled to qualified immunity, (5) plaintiff fails to state a § 1983 claim against defendant City of New York, (6) plaintiff fails to state a state law claim against defendant Hess for intentional infliction of emotional distress, (7) plaintiff fails to state a state law claim for prima facie tort against defendant Hess, and (8) plaintiff fails to allege vicarious liability as against defendant Hess.[2]

## PRELIMINARY STATEMENT

Plaintiff Denise Hill brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 and state law, alleging she was deprived of her civil rights. Specifically, plaintiff claims her rights were violated when she was accused of and subsequently arrested and prosecuted for the unauthorized removal of money from her cash register drawer while working at a Hess gasoline station.

Plaintiff's complaint contains bald and conclusory allegations, which fail to establish essential elements of her claims. First, plaintiff's complaint fails to state a federal claim against the City defendants for false arrest as there was probable cause to arrest plaintiff.

---

[1] As defendants City of New York and Detective Robert Jennings have answered, their motion is made pursuant to Fed. R. Civ. P. 12(c). Defendant Hess Corporation has not yet filed a responsive pleading, and its motion is made pursuant to Fed. R. Civ. P. 12(b)(6).

[2] Plaintiff's counsel has conceded that the abuse of process claim against defendant Hess should be dismissed because it is barred by the statute of limitations.

Further, plaintiff's state law claim for false arrest against defendant Hess is time-barred because it was asserted more than one year after plaintiff's alleged confinement ceased.

Plaintiff fails to state claims for malicious prosecution against the City defendants and defendant Hess, as well as an abuse of process claim against the City defendants because plaintiff cannot satisfy the essential elements of these claims.

The City defendants also respectfully submit that defendant Detective Jennings is entitled to qualified immunity and that plaintiff fails to state a § 1983 claim against the City of New York.

Defendant Hess further respectfully submits that all four of plaintiff's remaining claims against Hess should be dismissed because each of them suffers from multiple defects, including one defect that requires dismissal of all four claims. Plaintiff's conclusory allegations regarding Hess's employee, the sole person associated with Hess in the complaint, are insufficient to make Hess vicariously liable for the employee's alleged intentional torts. Additionally, the one-year statute of limitations for intentional torts bars or severely limits many of plaintiff's claims. Because only facts that occurred within the one-year period before this action was commenced may be considered in connection with plaintiff's claim for intentional infliction of emotional distress, that claim fails, as well, as there are no facts within the one-year period establishing "extreme and outrageous conduct."

Accordingly, the complaint should be dismissed in its entirety.

## STATEMENT OF FACTS [3]

On August 23, 2003, police received a complaint from Angelique Hillocks, an employee at a Hess gasoline station ("gas station"), located at 502 W. 45th Street, New York,

---

[3] The facts recited, which are taken from the complaint ("Compl."), are taken as true for the purposes of this motion only.

New York, that plaintiff Denise Hill, also an employee at the gas station at the time, left the gas station with approximately $4,600.00 without any authority to do so. *See* Complaint ("Compl."), ¶ 65, annexed to Nguyen Decl. as Ex. "A," (alleging that Hess employees, servants and/or agents provided information to the police regarding plaintiff); *see also* Omniform System Compl. Report ("Compl. Report"), annexed to Nguyen Decl. as Ex. "B".[4] This information was corroborated by defendant Bi Bey[5], who also was an employee at the gas station on the date of the incident. *See* Compl. ¶ 65; *see also* Criminal Ct. Compl., annexed to Decl. as Ex. "D." Plaintiff alleges in her complaint that her arrest and prosecution was based on false information provided by "employees, servants and/or agents of Hess Corporation," including Hess's former employee Bi Bey. (Compl. ¶¶ 22, 65, 69).[6] Based on information provided by complaining witnesses, plaintiff was arrested by defendant Detective Robert Jennings on February 12, 2004 and charged with Grand Larceny in the Third Degree. *See* Compl. ¶¶ 17-18; *see also* Omniform System Arrest Report ("Arrest Report"), annexed to Decl. as Ex. "C." Plaintiff's underlying

---

[4] Police documents may be considered by the Court as a Court is free to consider documents incorporated into the complaint by reference, attached to the complaint as exhibits, or "whose terms and effects are relied upon" in drafting the complaint. *Gryl ex rel. Shires Pharms. Group PLC v. Shire Pharms. Group PLC*, 298 F.3d 136, 140 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 283 F.3d 147, 152-154 (2d Cir. 2002)("complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)(per curiam). In this instance, plaintiff refers to her arrest and the legitimacy of its basis. Additionally, the City defendants respectfully submit that the Court should take, at the very least, judicial notice of police paperwork. *Obilo v. City Univ. of N.Y.*, 01 CV 5118 (DGT), 2003 U.S. Dist. LEXIS 2886 (E.D.N.Y. Feb. 28, 2003). Defendant Hess takes no position on this point, its motion is based solely on the allegations of the complaint.

[5] Bi Bey is inaccurately named in the complaint as "Bey Bi."

[6] The complaint baldly alleges that Bey and "Hess" provided purportedly false information for plaintiff's arrest and prosecution, but the complaint identifies no Hess representative other than Bey as having done this or any of the other acts attributed to "Hess."

criminal matter was dismissed by motion of the District Attorney on or about November 18, 2004. (Compl. ¶ 25.)

## RULES 12(B)(6) AND 12(C) STANDARD FOR DISMISSAL

Rule 12(c) of the Federal Rules of Civil Procedure states that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard to be applied to a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure is the same as a motion to dismiss under Rule 12(b)(6). *Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch College*, 835 F.2d 980 (2d Cir. 1987).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint is deemed to include any written instrument attached to it as an exhibit, or any statements or documents incorporated in it by reference. *Int'l Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). In deciding whether to dismiss a complaint under Rule 12(b)(6), the court may also consider matters of public record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that it is well-established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure); *see also Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1993). On a motion for judgment on the pleadings, defendants must show that plaintiff is not entitled to relief under any set of facts that could be proved consistent with the allegations. *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).  To survive the motion, plaintiff must show a cognizable claim and allege facts that, if true, would support such a claim. *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).

Pursuant to Rules 12(b)(6) and 12(c), all claims against the City defendants and defendant Hess should be dismissed as a matter of law.

## ARGUMENT

## POINT I

### PLAINTIFF'S FALSE ARREST CLAIMS SHOULD BE DISMISSED AS AGAINST THE CITY DEFENDANTS AND DEFENDANT HESS FOR FAILURE TO STATE A CLAIM.

**A.** **Plaintiff's § 1983 Claim of False Arrest as Against the City Defendants Fails as the City Defendants had Probable Cause to Arrest Plaintiff.**

Plaintiff's claims of false arrest should be dismissed because plaintiff's arrest was supported by probable cause and therefore lawful.  "Probable cause to arrest constitutes justification and is a complete defense to an action for false arrest whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (citations omitted).  An arrest is justified, and a claim for false arrest must be dismissed, if the facts asserted by plaintiff demonstrate that the arresting officer had probable cause to believe that the suspect committed a crime. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

Probable cause exists "when the authorities have knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Smith v. Edwards*, 175 F.3d 99, 105 (2d Cir. 1999) (citations omitted).  It is well-settled that when an officer is advised of a crime by a person who claims to be the victim, the officer generally has probable cause to arrest. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118, 119 (2d. Cir. 1998).  Information provided by a single complainant can establish probable cause when the information comes from a victim who

provides specific details of the crime. *See Oliveira v. Mayer*, 23 F.3d 642, 647 (2d. Cir. 1994). In addition, the determination to arrest is entirely objective; the officer's actual reason for making the arrest is irrelevant. *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004).

Here, plaintiff alleges in conclusory fashion that her arrest on February 12, 2004 was done without probable cause. Plaintiff's complaint implicitly states, however, that the New York City Police Department was provided information from defendants Amerada Hess Corporation and its employees including Bi Bey, leading to plaintiff's arrest. *See* Compl. ¶¶ 22, 64, 65. On August 23, 2003, police received a complaint from Hess gas station employee, Angelique Hillocks, that plaintiff Denise Hill, a cashier at the gas station at the time, left work with $4,600 without any authority to do so. *See Arrest Report*, annexed to Nguyen Decl. as Ex. "C." Complaints from Hillocks were later confirmed by former Hess employee, defendant Bi Bey. *See Crim. Ct. Compl.*, annexed to Nguyen Decl. as Ex. "D." Given these facts alone, probable cause certainly existed for plaintiff's arrest. Detective Jennings was not required to act as a "judge or jury" to determine whether the complainants' version of events were true. Once a police officer has probable cause, he need not explore "every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997). To hold otherwise would allow suspects to avoid arrest simply by denying guilt. *Id.* The function of law enforcement officers "is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989). Here, even accepting for purposes of this motion the truth of plaintiff's allegations – that Hess employees, including defendant Bi Bey lied to Detective Jennings – the complaint on its face establishes probable cause for plaintiff's arrest. *See Daniels v. City of New York*, 03 CV 0809 (GEL), 2004 U.S. Dist. LEXIS 9361, **5-6 (S.D.N.Y. May 24, 2004)

(whether complaining victim lied to police does not vitiate probable cause established by her complaint); *see also Obilo v. City Univ. of New York*, 01 CV 5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *22 (E.D.N.Y. Feb. 28, 2003) (internal quotations omitted) (stating "the veracity of citizen complaints who are the victims of the very crimes they report to the police is assumed). Accordingly, complaints from Hess employees, including defendant Bi Bey, in and of themselves provided probable cause for plaintiff's arrest. Therefore, all false arrest claims against the City defendants must be dismissed.

**B.** **Plaintiff's State Law Claim of False Arrest Against Defendant Hess is Barred by the Statute of Limitations and Fails for Lack of Causation.**

      1.    <u>Plaintiff's State Law Claim for False Arrest Against Defendant Hess is Barred by the Statute of Limitations.</u>

Plaintiff's state law false arrest claim as against defendant Hess should be dismissed because it is barred by New York's one-year statute of limitations for intentional torts. *See* N.Y. C.P.L.R. 215(3); *Mejia v. City of New York*, 119 F. Supp. 2d 232, 284 (E.D.N.Y. 2000); *Lugo v. Milford Mgmt. Corp.*, 956 F. Supp. 1120, 1124-25 (S.D.N.Y. 1997). A cause of action for false arrest accrues when the plaintiff's confinement terminates. *Mejia*, 119 F. Supp. 2d at 284. The complaint makes clear that the plaintiff's confinement terminated on February 13, 2004. (Compl. ¶¶ 17-20.) The instant action, however, was commenced on November 9, 2005, more than one year after plaintiff was released from confinement.

Accordingly, because "[t]he general rule is clear, 'an action . . . must be commenced within the time specified in this article [and] no court shall extend the time limited by law for the commencement of an action,'" *Lugo*, 956 F. Supp. at 1124 (*quoting* N.Y. C.P.L.R. 201), plaintiff's state law false arrest claim as against defendant Hess should be dismissed as time-barred.

2. **Plaintiff's State Law Claim for False Arrest Against Defendant Hess Fails for Lack of Causation.**

Even if plaintiff's claim for false arrest were not time-barred, the claim still would be faulty because plaintiff's broad and conclusory allegations are insufficient to establish causation.

Plaintiff's bald allegation that Hess caused her confinement (Compl. ¶¶ 64-66) is insufficient to establish the claim against Hess.

> [A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution.

*Du Chateau v. Metro-North Commuter R.R. Co.*, 253 A.D.2d 128, 131, 688 N.Y.S.2d 12, 15 (1st Dep't 1999); *see also Mitchell v. Home*, 377 F. Supp. 2d 361, 376 (S.D.N.Y. 2005) ("there is no liability for merely giving information to legal authorities, who are left entirely free to use their own judgment in effecting an arrest"); *Smalls v. Bd. of Educ. of City of New York*, 114 Misc. 2d 109, 117, 450 N.Y.S.2d 987, 992-93 (N.Y. City Civ. Ct. 1982) ("The law is clear that a defendant in a false arrest action will not be held liable for police detention unless it is shown that the police are not acting on their own volition but rather were carrying out the express directions or demands of the defendant. The law requires much more than mere intervention, or furnishing information, or calling for police assistance.").

Accordingly, because plaintiff's conclusory allegations that Hess "caused" her arrest are insufficient to establish Hess's liability for false arrest, *see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"), the false arrest claim should be dismissed.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM AS AGAINST THE CITY DEFENDANTS AND DEFENDANT HESS FOR MALICIOUS PROSECUTION

Plaintiff's second claim, for malicious prosecution, should be dismissed because it too is plagued by broad and conclusory allegations that do not establish all of the necessary elements of the cause of action. To state a claim of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) an absence of probable cause for the proceeding; and (4) that the proceeding was instituted with malice. *See Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004); *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003) (citation omitted) (citing *Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453 (1983)); *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). As shown below, plaintiff's claims for malicious prosecution against the City defendants and defendant Hess must be dismissed.

### A. Plaintiff Cannot Show that the City Defendants or Defendant Hess Instituted a Criminal Proceeding Against Plaintiff.

Plaintiff cannot state a claim against the City defendants and defendant Hess because they did not initiate or continue the prosecution of plaintiff. The Second Circuit has held that "[i]nitiation' in this context is a term of art," involving more than merely reporting a crime and giving testimony. *Rohman*, 215 F.3d at 217. In fact, "'the mere reporting of a crime to [or by] the police and giving testimony are insufficient'" to constitute the initiation of a malicious prosecution claim. *Id.* (quoting *Posr v. Ct. Officer Shield #207*, 180 F.3d 409, 417 (2d Cir. 1999)). Plaintiff must establish that a defendant played an active role in the prosecution such as giving advice and encouragement or importuning the authorities to act. *Id.* (citations omitted).

In this case, plaintiff makes a conclusory allegation with no basis in fact that defendants Detective Jennings and Hess Corporation initiated criminal proceedings against plaintiff and that defendant Hess Corporation importuned prosecutors to prosecute plaintiff. (Compl. ¶¶ 21, 70, 73.) Plaintiff merely states that Hess employees, including defendant Bi Bey, reported a crime to police regarding plaintiff's unauthorized removal of money from her cash drawer while working as a cashier at a Hess gas station, and that defendant Detective Jennings took no other action than to arrest plaintiff and process her arrest. (Compl. ¶¶ 18, 23). With specific regard to defendant Hess, merely providing information to law enforcement authorities, is not enough to establish Hess's liability for malicious prosecution. *See Du Chateau*, 253 A.D.2d at 131, 688 N.Y.S.2d at 15. Moreover, even "where plaintiff alleges that defendant 'gave false information' to the authorities, '[t]his is not enough' for a malicious prosecution claim." *Mitchell*, 377 F. Supp. 2d at 377 (quoting *Al Raschid v. News Syndicate Co.*, 265 N.Y. 1, 3, 191 N.E. 713, 713 (1934)). Because plaintiff fails to allege any facts that the City defendants or defendant Hess encouraged or importuned the prosecutor to bring the criminal prosecution beyond the mere act of reporting the crime, plaintiff has not pled a sufficient claim as against the City defendants and defendant Hess Corporation for the initiation of the criminal prosecution against plaintiff. *Komsoli v. Fudenberg*, 88 CV 1792 (HBP), 2000 U.S. Dist. LEXIS 4237 (S.D.N.Y. Mar. 31, 2000).

B.    **The Complaint Fails to Allege Termination in Favor of the Accused.**

Plaintiff's broad and conclusory allegation that the criminal proceeding was terminated in her favor is insufficient to establish this essential element of her claim for malicious prosecution. Although, "[a]s a general rule, a final termination of a criminal proceeding in favor of the accused is a favorable termination for the purposes of a subsequent malicious prosecution claim," *see Rothstein v. Carriere*, 373 F.3d 275, 286 (2d Cir. 2004) (citing

*Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195, 712 N.Y.S.2d 438, 441 (2000)), there are several exceptions to this rule: such as where the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused, or where the charge is withdrawn or dismissed out of mercy requested or accepted by the accused, *see id.* at 286-87. In these latter situations, the requisite "favorable termination" element of a malicious prosecution claim is *not* deemed satisfied. *Id.*

Accordingly, plaintiff's bald allegation that "the criminal proceedings were terminated in plaintiff['s] favor" in November 2004 "when all charges against plaintiff were dismissed upon motion of the District Attorney's Office" (Compl. ¶ 47) fails to establish an essential element of the claim.

## C. The Existence of Probable Cause to Prosecute Plaintiff is an Absolute Bar to Plaintiff's Claims for Malicious Prosecution Against the City Defendants and Defendant Hess.

Even if the Court were to determine that plaintiff satisfied the first and second elements necessary to sustain a malicious prosecution claim, plaintiff's malicious prosecution claim must nevertheless fail because there was probable cause to prosecute plaintiff. *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994). Probable cause to commence a criminal proceeding exists when a defendant has "knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir. 1994). Here, as set forth more fully in Point I.A *infra*, probable cause existed to prosecute plaintiff for the crimes alleged based on the complaints police received. Accordingly, plaintiff's claims for malicious prosecution must be dismissed.

**D.    There is No Evidence of Malice on the Part of the City Defendants or Defendant Hess.**

Plaintiff also fails to allege *any* facts to satisfy the "malice" element of this cause of action.  Malice means only "that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Town of Cheektowaga*, 82 F. 3d 563, 573 (2d Cir. 1996).  Only where probable cause to initiate a proceeding is "so totally lacking" may malice reasonably be inferred. *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001) (quoting *Martin v. City of Albany*, 42 N.Y.2d 13, 17 (1977)).  In this case, plaintiff cannot satisfy the "malice" element because there was probable cause to arrest and prosecute plaintiff, as discussed in Point III.C *supra*.  Furthermore, plaintiff's allegations fail to establish any basis whatsoever for inferring malice.  Therefore, without any allegations that the City defendants or defendant Hess acted with improper motive or malice, plaintiff's malicious prosecution claims must be dismissed.

## POINT III

### PLAINTIFF CANNOT ESTABLISH A CLAIM FOR ABUSE OF PROCESS AGAINST THE CITY DEFENDANTS

Plaintiff's claim of abuse of process against the City defendants must be dismissed because plaintiff's allegations amount to nothing more than mere assertions and conclusory allegations that are completely unsupported by any basis in fact.  In order to maintain a claim of malicious abuse of process, plaintiff must prove beyond a preponderance of the credible evidence that "(1) [Defendants] employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994).  Furthermore, "[t]he pursuit of a

collateral objective must occur after the process is issued; the mere act of issuing process does not give rise to a claim." *Id.* In order to prevail in an abuse of criminal process claim, a plaintiff must assert facts which establish each element of the tort. *Oathout v. Decker*, 99 CV 5868 (WHP)(KNF), 2000 U.S. Dist. LEXIS 12001, at *21 (S.D.N.Y. Aug. 21, 2000).

Here, plaintiff fails to establish the elements for an abuse of process claim. Specifically, plaintiff fails to show an intent to do harm without excuse or justification. First, as set forth in Point I.A *supra*, the City defendants had probable cause to arrest plaintiff. Under New York law, a showing of probable cause at the time process was issued suffices to establish "excuse or justification" for the purpose of a defense to abuse of process. *Granato v. City of New York*, 98 CV 667 (ILG), 1999 U.S. Dist. LEXIS 18550, at *28 (E.D.N.Y. Oct. 18, 1999); *see Berman v. Silver, Forrester & Schisano*, 156 A.D.2d 624, 625, 549 N.Y.S. 2d 125, 127 (2d Dep't 1989) (affirming the entry of summary judgment on a claim for abuse of process where the record demonstrated that the defendants had "probable cause" to commence an action for specific performance). Consequently, plaintiff has failed to satisfy an essential element of the abuse of process claim.

Further, plaintiff's vague and conclusory allegations that the City defendants arrested plaintiff to obtain an unspecified "collateral objective outside the legitimate ends of the legal process" (Compl. ¶¶ 50, 85) is insufficient to establish a cause of action for abuse of process. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). The "collateral objectives" usually connected with malicious abuse of criminal process are "extortion, blackmail or retribution; and those objectives are usually characterized by personal animus." *Oathout*, 2000 U.S. Dist. LEXIS 12001 at *20.

Under New York law, even if a person has "malice in his heart or a selfish motive, there is no abuse of process." *Id.*; *see Chamberlain v. Lishnasky*, 970 F. Supp. 118, 121 (N.D.N.Y. 1997); *Hauser v. Bartow*, 273 N.Y. 370, 374, 7 N.E.2d 268, 269 (1937). As plaintiff cannot demonstrate any evidence of "extortion, blackmail or retribution" on the part of the City defendants, plaintiff simply cannot show the personal animus required to establish a malicious abuse of criminal process claim. Accordingly, plaintiff's claim for abuse of process against the City defendants must be dismissed.

**POINT IV**

**DEFENDANT DETECTIVE JENNINGS IS ENTITLED TO QUALIFIED IMMUNITY**

Defendant Detective Jennings is entitled to qualified immunity because plaintiff's allegations do not set forth constitutional violations under clearly established law at the time of the alleged conduct, and, at a minimum, reasonable persons could differ as to whether the conduct alleged violated the law. Qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This doctrine is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell*, 472 U.S. at 526). Therefore, it is necessary that "qualified immunity questions [] be resolved at the earliest possible stage of litigation" to satisfy the goal of the doctrine. *Id.* at 201 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Even where factual disputes exist, qualified immunity may properly be found as a matter of law if a defendant is entitled to it under plaintiff's version of the facts. *Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir. 1998).

The question of qualified immunity is independent from the merits of the underlying action and must be examined independent of the underlying claims. *See Saucier v.*

14

*Katz*, 533 U.S. 194 (2001); *Washington Square Post No. 1212 v. Maduro*, 907 F.2d 1288, 1292 (2d Cir. 1990) (citing *Mitchell*, 472 U.S. at 527-28)). In fact, the Supreme Court emphasized in *Saucier* that "to deny summary judgment any time a material issue of fact remains . . . could undermine the goal of qualified immunity." *Saucier* 533 U.S. at 202. The application of qualified immunity is important since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions that are later found to be illegal]; in such cases those officials...who act in ways they reasonably believe to be lawful, should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *see also Oliveira v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992). Where reasonably competent officials could disagree as to whether the conduct at issue would violate clearly established rights, the immunity defense is available. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Cartier v. Lussier*, 955 F.2d 841, 846 (2d Cir. 1992). The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Saucier*, 533 U.S. at 205. Thus, qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 202 (quoting *Malley*, 475 U.S. at 341 (1986)). The application of qualified immunity is important since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions that are later found to be illegal]; in such cases those officials . . . who act in ways they reasonably believe to be lawful, should not be held

personally liable." *Anderson*, 483 U.S. at 641 (citing *Malley*, 475 U.S. at 344-45 (1986)); *see Oliveira v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995).

As held in *Saucier*, district courts must begin the qualified immunity determination with an analysis of whether, on the facts alleged, the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. Assuming, *arguendo*, that the first prong is satisfied, that is, a constitutional violation is established on the facts alleged, "the next, sequential step is to ask whether the right was 'clearly established'" at the time of the alleged incident. *Id.* The "clearly established" inquiry requires that "if the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* at 202. The Supreme Court has held that if reasonably competent officials would have taken the challenged action or if they could disagree on the issue, immunity should be recognized. *Malley*, 475 U.S. at 345.

A.      **Defendant Detective Jennings is Entitled to Qualified Immunity for False Arrest and Malicious Prosecution.**

The test for qualified immunity is the same for both a false arrest claim and a malicious prosecution claim. *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995). "[A]n arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Lee v. Sandberg*, 136 F.3d 84, 102 (2d Cir. 1997). The standard is described by the Second Circuit as "arguable probable cause." *Id.*, at 103; *Provost v. City of Newburgh*, 262 F.3d 146, 169 (2d Cir. 2001); *see also* (per curiam) ("Arguable" probable cause exists when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed

in the light of well-established law.") Any allegations regarding a defendant's motivations or beliefs are irrelevant, because probable cause and qualified immunity for "arguable probable cause" are entirely objective questions. *See Obilo v. City Univ. of New York*, 2003 U.S. Dist. LEXIS 2886, **29-30 (E.D.N.Y. Feb. 28, 2003); *Devenpeck v. Alford*, 543 U.S. 146, 151-54 (2004).

Defendant Detective Jennings is entitled to qualified immunity in light of the allegations in plaintiff's complaint and the facts incorporated therein. In this case, plaintiff was arrested by Detective Jennings based on complaints from Hess employees that plaintiff removed over four thousand dollars in cash from her cash register drawer and left the gas station without authority to do so. *See* Compl. ¶¶ 23, 65; Compl. Report, annexed to Nguyen Decl. as Ex. "B." Even if complaints from Hess employees did not amount to actual probable cause to arrest plaintiff, it amounted to arguable probable cause that would entitle Detective Jennings to qualified immunity. Under the prevailing law in the Second Circuit, the presence of complaining witnesses who included employees of Hess gas station (Compl. ¶ 65), provided, at a minimum, "arguable probable cause" for plaintiff's arrest and prosecution under the law. The Second Circuit law at the time of these events held (and still holds) that victim or eye-witness accounts of a crime presumptively establish probable cause, absent circumstances – which remain undefined by the Second Circuit – "that raise doubts as to the victim's veracity." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118-119 (2d Cir. 1995). Accordingly, defendant Detective Jennings had arguable probable cause for the arrest, and therefore there was also probable cause for plaintiff's prosecution, and he is therefore entitled to qualified immunity for false arrest and malicious prosecution as a matter of law.

**B.** **Defendant Detective Jennings is Entitled to Qualified Immunity for Malicious Abuse of Process.**

Defendant Detective Jennings is also entitled to qualified immunity as a matter of law for plaintiff's claim of malicious abuse of process because, for the reasons stated in Point III.A *supra*, no such claim exists on the facts alleged, and, in any case, it could not have been clearly established at the time of the alleged conduct.

## POINT V

## PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK

Plaintiff's claims against defendant City of New York should be dismissed for failure to state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma v. Tuttle*, 471 U.S. 808, 810 (1985); *Monell v. Dep't of Social Services*, 436 U.S. 658, 609-91 (1978). "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [her] injuries . . . . Second, the plaintiff must establish a causal connection – an "affirmative link" – between the policy and the deprivation of [her] constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985), *cert. denied*, 480 U.S. 916 (1987) (citing *Oklahoma*, 471 U.S. at 824 n.8). Therefore, in order to establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." *Monell*, 436 U.S. at 694.

To prove the existence of a policy or custom, plaintiff must establish one of the following: (1) a formal policy, officially promulgated or adopted by a municipality, *Monell*, 436 U.S. at 690; (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1988) (plurality opinion); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992); or, if liability is based on a claim of failure to train or supervise, that (4) "the failure to train amounts to deliberate indifference to the rights of those with whom municipal employees will come in contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992). *See Allan v. City of New York*, 386 F. Supp. 2d 542, 545 n.3 (S.D.N.Y. 2005) (wherein Judge Sweet reiterates the four ways in which a plaintiff may satisfy the "policy, custom or practice" requirement). Municipal liability will not attach if plaintiff is unable to establish one of the above.

If plaintiff is able to prove the existence of a policy or custom, plaintiff must also show a "direct casual link between the municipal policy or custom and the alleged deprivations." *City of Canton*, 489 U.S. at 385. Therefore, a plaintiff asserting a § 1983 violation against a municipality is required to establish that she was deprived of a federally guaranteed right as a result of an established municipal custom or policy. Moreover, a plaintiff must demonstrate that the municipality made a deliberate choice, implemented through this "policy" or "custom" which

acted as "the moving force [behind] the constitutional violation." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993); *Bryant v. Maffucci*, 923 F.2d 979, 986 (2d Cir. 1991), *cert. denied*, 502 U.S. 849 (1991); *Monell*, 436 U.S. at 694. Hence, establishing a municipal "policy" or "custom" alone will not suffice. *Monell* liability will not attach unless this "policy" or "custom" was also the *basis* of plaintiff's constitutional deprivation.

In the instant case, any claims of a policy or practice with respect to plaintiff's allegations of a violation of her constitutional rights fail because she cannot establish that her constitutional rights were violated. *Coyle v. Coyle*, 302 F. Supp. 2d 3 (E.D.N.Y. 2004) (without sufficiently alleging constitutional rights were violated, there is no claim against a municipality). Accordingly, without an underlying constitutional violation, any *Monell* claim against defendant City of New York must fail.

Even assuming, *arguendo*, that plaintiff could demonstrate that her constitutional rights were violated, plaintiff does not sufficiently allege that the City of New York had a policy, practice, or custom that caused the alleged constitutional violations. Plaintiff does not plead *any* facts pertaining to the existence of a municipal policy or custom that caused any alleged violation of her constitutional rights. Furthermore, the complaint is bereft of anything other than allegations regarding a single incident: allegations stemming from a single incident in August 2003 whereby plaintiff was charged with unlawfully removing money from her cash register at a Hess gas station. A single incident does not give rise to an unlawful practice "so permanent and well-settled as to constitute 'custom or usage.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (decision to terminate employee by independent commission does not rise to municipal policy); *see Sorlucco*, 971 F.2d at 870 (a municipality may not be held liable under § 1983 for isolated unconstitutional acts of its employees); *see also Ramashwar v. Espinoza*, 2006

U.S. Dist. LEXIS 721, at **14-18 (S.D.N.Y. Jan. 6, 2006) (finding a basis for imposing Rule 11

sanctions on plaintiff's attorney for alleging a *Monell* claim based on a single incident without

any factual allegations of a municipal policy). Because, plaintiff has failed to identify any

policy, custom, or practice that was the "moving force" behind the alleged violation of her

constitutional rights, and because she makes no factual allegations beyond her wholly conclusory

allegations that her alleged constitutional violations were the result of a failure on the part of

defendant City, all of her federal claims against the City of New York should be dismissed.

Such conclusory speculation without allegations of fact supporting the inference is patently

insufficient. *Dwares*, 985 F.2d at 100.

### POINT VI

**THE STATE LAW CLAIM AGAINST
DEFENDANT HESS FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS
SHOULD BE DISMISSED**

Plaintiff's claim for intentional infliction of emotional distress against defendant

Hess should be dismissed because plaintiff's allegations are insufficient to state all of the

elements necessary to establish such a claim, *i.e.*, (1) extreme and outrageous conduct; (2) intent

to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a

causal connection between the conduct and injury; and (4) severe emotional distress. *See Howell

v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (1993).

Courts have strictly construed the first element of this tort: "extreme and

outrageous conduct." As the New York State Court of Appeals explained in *Howell*:

> [O]f the intentional infliction of emotional distress claims
> considered by this Court, every one has failed because the alleged
> conduct was not sufficiently outrageous. Liability has been found
> only where the conduct has been so outrageous in character, and so
> extreme in degree, as to go beyond all possible bounds of decency,

and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Id.* (internal citations and quotations omitted).

Under New York law, a claim for intentional infliction of emotional distress is limited to conduct that occurred within the one-year period immediately preceding the commencement of the action. *See N.Y. C.P.L.R. 215(3); Mariani v. Consol. Edison Co. of New York, Inc.*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997). All acts occurring before the one-year limitations period are excluded from consideration. *Id.*

Accordingly, to determine whether plaintiff has adequately alleged "extreme and outrageous conduct," only Hess's actions during the period between November 9, 2004 and November 9, 2005 may be considered. Indeed, since plaintiff alleges that all charges against plaintiff were dropped on November 18, 2004, the relevant period for determining Hess's alleged "extreme and outrageous conduct" is just the nine days from November 9 to November 18, 2004. There are no allegations in the complaint concerning Hess's purported actions during these nine days.

Moreover, "intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort and such a claim is therefore precluded where the offending conduct is embraced by a traditional tort remedy." *E.E.O.C. v. Die Fliedermaus, L.L.C.*, 77 F. Supp. 2d 460, 472 (S.D.N.Y. 1999) (citation omitted). Plaintiff's claim should be dismissed because the type of conduct underlying the claim is embraceable by the torts of false arrest, malicious prosecution, and abuse of process.

## POINT VII

### PLAINTIFF'S CLAIM FOR PRIMA FACIE TORT AGAINST DEFENDANT HESS SHOULD BE DISMISSED

**A.      Plaintiff Has Failed to Plead Special Damages.**

Plaintiff's claim for prima facie tort against defendant Hess should be dismissed because the complaint fails to plead special damages. *See Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 143, 490 N.Y.S.2d 735, 741 (1985). Failure to allege a "particularized statement of the reasonable, identifiable, and measurable special damages" will result in dismissal of a prima facie tort claim. *Varela v. Investors Ins. Holding Corp.*, 195 A.D.2d 309, 311, 586 N.Y.S.2d 272, 274 (2d Dep't 1992). "Broad and conclusory terms are simply insufficient . . . ." *Id.* (citation omitted).

Plaintiff's conclusory allegation of $1 million in damages therefore dooms her claim for prima facie tort. *See Shaitelman v. Phoenix Mut. Life Ins. Co.*, 517 F. Supp. 21, 25 (S.D.N.Y. 1981) (dismissing prima facie tort claim where plaintiff alleged round-figure damages, with no attempt to itemize special damages). This claim should be dismissed.

**B.      Prima Facie Tort Is Not Available.**

Plaintiff's kitchen-sink approach is wholly inappropriate, especially in light of clear statements from courts that prima facie tort should not become a catch-all alternative for every cause of action which cannot stand on its own legs. *See Freihofer*, 65 N.Y.2d at 143, 490 N.Y.S.2d at 741. As stated by the New York State Court of Appeals:

> Where relief may be afforded under traditional tort concepts, prima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort.

*Id.* (citations omitted). Thus, even if this claim did not require dismissal because of plaintiff's failure to plead special damages, it nevertheless should be dismissed because it is duplicative of the traditional tort claims alleged elsewhere in the complaint.

**POINT VIII**

**ALL OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT HESS SHOULD BE DISMISSED FOR FAILURE TO ALLEGE VICARIOUS LIABILITY**

All of plaintiff's claims should be dismissed on account of her insufficient allegations concerning Hess's liability for the alleged intentional torts of defendant Bi Bey. *See Tasso v. Platinum Guild Int'l*, No. 94-8288, 1997 WL 16066, at *6 (S.D.N.Y. Jan. 16, 1997) (where complaint alleges no facts from which an inference can be drawn that employee's actions were in furtherance of employer's business, such allegations are insufficient to impose vicarious liability against employer and claims must be dismissed). As recently summarized by the New York State Court of Appeals, an employer is not vicariously liable for intentional torts committed by an employee whose tortious conduct is not generally foreseeable and not a natural incident of the employment. *See RJC Realty v. Republic Ins. Co.*, 2 N.Y.3d 158, 164, 777 N.Y.S.2d 4, 6-7 (2004). "If [] an employee for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable." *Id.* at 4, 777 N.Y.S.2d at 7 (internal citation and quotations omitted); *see, e.g., C.D. of NYC Inc. v. United States Postal Serv.*, No. 03-5055, 2004 WL 2072032, at *4 (S.D.N.Y. Sept. 16, 2004) (theft by an employee is not within the scope of the employment, and employers are not vicariously liable); *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998) (sexual misconduct and related tortious behavior is not within the scope of employment, and employers are not vicariously liable).

"[W]here a court takes as true all the facts alleged by plaintiff and concludes that the conduct complained of cannot be considered as a matter of law within the scope of employment, then the court must dismiss the complaint for failure to state a claim." *Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326, 329 (S.D.N.Y. 1996). Plaintiff alleges merely that Bi Bey "was an employee, servant and/or agent of [Hess] and was acting under the supervision of said defendant and according to [his] official duties" (Compl. ¶ 9), and that Bey "was acting within the scope of his employment and for and on behalf of his employer, [Hess]" (Compl. ¶ 10). These statements are legal conclusions, not factual allegations, and certainly are not sufficient to establish Hess's vicarious liability for Bey's intentional torts.

## CONCLUSION

For all of the reasons set forth herein, defendants City of New York, Detective Robert Jennings ("City Defendants"), and Hess Corporation respectfully request that plaintiff's complaint be dismissed in its entirety with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         March 7, 2006

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York
and Detective Robert Jennings
100 Church Street, Room 3-217
New York, New York 10007
(212) 788-0971

Anna L. Nguyen (AN 6973)
Assistant Corporation Counsel
Special Federal Litigation Division

FRIEDMAN KAPLAN
SEILER & ADELMAN LLP

Paul J. Fishman (PF 9359)
Lance J. Gotko (LG 5443)
Joshua D. Jacobson (JJ 5920)
1633 Broadway
New York, New York 10019-6708
(212) 833-1100

Attorneys for Defendant Amerada Hess
Corporation