UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DENISE HILL,

                                       Plaintiff,

              -against-                      05 Civ. 9473 (RMB) (JCF)

THE CITY OF NEW YORK, DET. ROBERT JENNINGS,
P.O.s JOHN and JANE DOE #1-10, AMERADA HESS
CORPORATION d/b/a HESS GASOLINE, and BEY BI,

                                      Defendants.

------------------------------------------------------------------------ x

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS'
<u>MOTION TO DISMISS</u>**

Rose M. Weber
Attorney for Plaintiff
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 1

STANDARD FOR MOTIONS TO DISMISS.............................................................. 2

ARGUMENT

    POINT I

        THE COURT MAY NOT CONSIDER OR TAKE
        JUDICIAL NOTICE OF THE DOCUMENTS
        SUBMITTED BY CITY DEFENDANTS................................................. 3

    POINT II

        THE COMPLAINT ADEQUATELY STATES A
        CLAIM FOR FALSE ARREST. ................................................................ 5

    POINT III

        THE COMPLAINT ADEQUATELY STATES A
        CLAIM FOR MALICIOUS PROSECUTION. ......................................... 8

    POINT IV

        THE COMPLAINT ADEQUATELY STATES A
        CLAIM FOR MALICIOUS ABUSE OF PROCESS
        AGAINST CITY DEFENDANTS.. ........................................................ 10

    POINT V

        DEFENDANT JENNINGS' REQUEST FOR
        QUALIFIED IMMUNITY IS ENTIRELY
        PREMATURE. ......................................................................................... 11

    POINT VI

        THE COMPLAINT ADEQUATELY STATES A
        CLAIM FOR MUNICIPAL LIABILITY. ............................................... 12

POINT VII

THE COMPLAINT ADEQUATELY ALLEGES
VICARIOUS LIABILITY AGAINST HESS. ......................................... 14

CONCLUSION ................................................................................................................ 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

DENISE HILL,

                                Plaintiff,         **MEMORANDUM OF LAW**

      -against-

                                                          05 Civ. 9473 (RMB) (JCF)

THE CITY OF NEW YORK, DET. ROBERT JENNINGS,
P.O.s JOHN and JANE DOE #1-10, AMERADA HESS
CORPORATION d/b/a HESS GASOLINE, and BEY BI,

                                Defendants.

------------------------------------------------------------------------ x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

        Defendants City of New York and Robert Jennings ("City Defendants") have moved to dismiss the complaint for failure to state a claim and based upon qualified immunity. Defendant Amerada Hess Corporation ("Hess") has moved to dismiss the complaint for failure to state a claim. Plaintiff Denise Hill respectfully submits this Memorandum of Law in opposition to defendants' motion primarily on the ground that the motion is actually one for summary judgment and that such a motion is grossly premature at this stage of the litigation.

### STATEMENT OF FACTS

        Plaintiff relies upon the facts stated in the complaint, all of which must be accepted as true for purposes of the instant motion.

## **STANDARD FOR MOTIONS TO DISMISS**

As this Court has stated, a "motion to dismiss for failure to state a claim is disfavored and is seldom granted." *NextG Networks of N.Y., Inc. v. City of New York*, No. 03 Civ. 9672 (RMB), 2004 WL 2884308, at *3 (S.D.N.Y. Dec. 10, 2004). The court must "accept as true all material factual allegations in the complaint, and may grant the motion only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Freedman v. Monticello Police Dep't*, No. 01 Civ. 0119, 2003 WL 135751, at *2 (S.D.N.Y. Jan. 17, 2003) (internal citations omitted); *see also Black v. Town of Harrison*, No. 02 Civ. 2097, 2002 WL 31002824, at *3 (S.D.N.Y. Sept. 5, 2002) (court must "draw all inferences in favor of the pleader"). This extremely high standard "is especially true when dealing with a civil rights complaint." *McDermott v. City of New York*, No. 00 CIV 8311, 2002 WL 265127, at *4 (S.D.N.Y. Feb. 25, 2002).

**ARGUMENT**

**POINT I**

**THE COURT MAY NOT CONSIDER OR TAKE JUDICIAL NOTICE OF THE DOCUMENTS SUBMITTED BY CITY DEFENDANTS.**

City defendants have submitted two pieces of police paperwork in support of their motion. Documents outside the pleadings, however, may only be considered by the Court if they are attached to the complaint, are incorporated by reference, or are "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Black v. Town of Harrison*, No. 02 Civ. 2097, 2002 WL 31002824, at *4 (S.D.N.Y. Sept. 5, 2002). Neither of defendants' submissions was attached to the complaint and neither was incorporated by reference.[1] Accordingly, the documents may not be considered by the Court in deciding the instant motion.

The Court also may not take judicial notice of the documents. Judicial notice is limited to adjudicative facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court is permitted to take judicial notice of particular facts, not of an entire document. While the Court may take judicial notice that a complaint was filed by Hess, it may draw no inferences whatsoever as to the reliability or credibility of that complaint. *See, e.g.,*

---

[1] City defendants appear to misunderstand the concept of incorporation by reference, arguing, for instance, that the complaint's mere mention of plaintiff's arrest and its legitimacy somehow incorporates the police documents by reference. Nowhere in the complaint are the documents so much as mentioned and, accordingly, they cannot possibly have been incorporated by reference. Under defendants' sweeping theory, every document generated as a result of plaintiff's arrest could be considered on this motion to dismiss, which would be an absurd result.

*Oneida Indian Nation of N.Y. v. State of New York,* 691 F.2d 1070, 1086 (2d Cir. 1982) ("When there is no dispute as to the authenticity of [ ] materials and judicial notice is limited to ... factual matters that are incontrovertible, such notice is admissible.")

**POINT II**

**THE COMPLAINT ADEQUATELY STATES A
CLAIM FOR FALSE ARREST.**

The complaint alleges, at paragraphs 34 and 35 and 64 through 66, the four elements of a *prima facie* case required by, e.g., *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003): that (1) defendants intended to confine plaintiff, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. Therefore, in order for the Court to dismiss the false arrest claim at this juncture, before virtually any discovery has taken place, the Court must decide that it is beyond doubt that plaintiff can prove no set of facts in support of the claim. *See supra*.

**A.    City Defendants**

In their motion papers, City defendants appear to argue that this is exactly the case – that it is indisputable that the complaint by Hess provided defendants with probable cause to arrest plaintiff, and that plaintiff cannot possibly produce proof to the contrary.

First, the Second Circuit has held that "[a]n arresting officer advised of a crime by a person who claims to be the victim . . . has probable cause to effect an arrest *absent circumstances that raise doubts as to the victim's veracity.*" *Singer v. Fulton County Sheriff,* 63 F.3d 110, 119 (2d Cir. 1995) (emphasis added); *see also Bullard v. City Of New York*, No. 01 CIV. 11613, 2003 WL 168444, at *4 (S.D.N.Y. Jan. 20, 2003) (refusing to dismiss complaint where "there were sufficient indications that the complainants were not reliable sources of probable cause and the defendants did nothing to investigate the allegations, corroborate them, or pursue [plaintiff's] claims that he was innocent."); *Miloslavsky v. AES Eng'g Soc., Inc.,* 808 F. Supp. 351, 355 (S.D.N.Y. 1992) (probable cause can be established by information from an eyewitness "who it seems reasonable to believe is telling the truth.").

There is no indication in the documents thus far produced by City defendants that Angelique Hillocks had any personal knowledge as to the disappearance of the cash. Accordingly, she is not an eyewitness or victim at all, but rather a complainant with no independent knowledge.[2] Bi Bey, who had access to plaintiff's cash drawer after she left for the day and who was subsequently fired for drinking on the job, can hardly be considered credible. Accordingly, it would be impossible on a motion to dismiss to decide that there was probable cause for plaintiff's arrest.

Furthermore, defendants' argument is wildly misplaced in a motion to dismiss filed before plaintiff has had any substantial discovery. Perhaps, once plaintiff begins to take depositions, she will learn that Hess has a history of filing false complaints every time cash mysteriously goes missing and that City defendants were aware of this fact. Or perhaps plaintiff will learn that the Hess personnel who made the complaint were visibly intoxicated and therefore not credible. Or perhaps plaintiff will learn that the Hess personnel who made the complaint had numerous convictions for larceny and were therefore not credible in blaming plaintiff for the mysterious disappearance of the cash at issue. Or perhaps plaintiff will learn that the defendant police officer has a long history of falsely arresting individuals based upon their race.

**B.      Hess**

Defendant Hess argues first that the false arrest claim is barred by the statute of limitations, which is ordinarily one year from the date on which a plaintiff's confinement terminates. Under certain circumstances, however, a false arrest claim does not accrue until the

---

[2] It would appear that defendant Hardy agreed with this assessment – he did not arrest plaintiff based upon the Hillock complaint, made in August of 2003, but rather waited until he was able to interview Bi Bey, delaying the arrest until February of 2004.

criminal matter is terminated. *Covington v. City of New York*, 171 F.3d 117, 119 (2d Cir. 1999). These circumstances, which generally concern the manner in which various evidence against the criminal defendant was obtained, *see, e.g., Mitchell v. Home*, 377 F. Supp. 2d 361, 371-72 (S.D.N.Y. 2005), vary from case to case and require a factual determination, making the issue inappropriate for determination on a motion to dismiss. In the instant matter, plaintiff simply does not yet have enough information to know whether she will be able to make a good-faith argument that *Covington* and its progeny should apply.

    Defendant Hess also argues that it did not "cause" plaintiff's arrest and cites case law to the effect that a private individual cannot be held liable for false arrest simply for making a complaint to the police. Hess conveniently overlooks plaintiff's contention that its employees made <u>false</u> allegations to the police. There is no question that, under such a scenario, there may be liability for false arrest. *See, e.g., Christel v. AMR Corp.*, 222 F. Supp. 2d 335, 342 (E.D.N.Y. 2002) (stating that under New York law an individual can "bring a false arrest claim against a private party who procures the arrest of that individual by making a false representation to the police about the individual's conduct, which results in the police arresting the individual"); *Dunn v. City of Syracuse,* 443 N.Y.S.2d 463, 464 (4th Dep't 1981) ("One who wrongfully accuses another of criminal conduct and induces or procures that person's arrest may be liable for false arrest."). *See also Gotbetter v. Port Auth. of New York and New Jersey,* 2000 WL 328044, at *4 (S.D.N.Y. Mar.28, 2000).

# POINT III

## THE COMPLAINT ADEQUATELY STATES A CLAIM FOR MALICIOUS PROSECUTION.

The complaint alleges, at paragraphs 37 through 47 and 69 through 81, the four elements of a *prima facie* case required by, e.g., *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994): that (1) defendants commenced or continued a criminal proceeding against plaintiff, (2) the proceeding terminated in plaintiff's favor, (3) there was no probable cause for the criminal proceeding, and (4) defendants initiated the criminal proceeding out of malice. Therefore, in order for the Court to dismiss the false arrest claim at this juncture, before virtually any discovery has taken place, the Court must decide that it is beyond doubt that plaintiff can prove no set of facts in support of the claim. *See supra*.

Defendants' phrasing in regard to the initiation element ("Plaintiff must establish that a defendant played an active role in the prosecution") underlines the fact that they have brought a summary judgment motion, not a motion to dismiss. Plaintiff has not yet had the opportunity to obtain evidence to "establish" her claims. Fortunately, all that is required at this juncture is that she have pled them adequately, and there is no question that plaintiff has alleged that defendants initiated her prosecution.

Similarly, defendants fault plaintiff for not providing details in the complaint as to the reasons behind the dismissal of the charges against her, completely ignoring the fact that, at this stage of the litigation, plaintiff does not yet have the District Attorney's file. Finally, defendants rely on their erroneous arguments in regard to probable cause to challenge the third element of plaintiff's *prima facie* case and, in effect, the fourth element, because malice may be inferred from the absence of probable cause. *See, e.g., Boyd v. City of New York*, 336 F.3d 72,

78 (2d Cir. 2003). For the reasons detailed *supra*, the Court must reject defendants' arguments in regard to probable cause.

# POINT IV

## THE COMPLAINT ADEQUATELY STATES A CLAIM FOR MALICIOUS ABUSE OF PROCESS AGAINST CITY DEFENDANTS.

The complaint alleges, at paragraphs 49 through 51, the three elements of a *prima facie* case required by, e.g., *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994): that (1) defendants employed regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process. Therefore, in order for the Court to dismiss the malicious abuse of process claim at this juncture, before virtually any discovery has taken place, the Court must decide that it is beyond doubt that plaintiff can prove no set of facts in support of the claim. *See supra*.

City defendants first argue that the existence of probable cause establishes "excuse or justification." For the reasons discussed *supra*, however, the issue of probable cause cannot be resolved on this motion to dismiss. Defendants then claims that only "extortion, blackmail or retribution" can serve as the collateral objectives required by the third prong of the *prima facie* case. This is far too narrow a reading of the case law, which requires only that a plaintiff point to an improper purpose, and not merely an improper motive. *See, e.g., Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003). In the instant matter, plaintiff expects the evidence to show that defendant Hardy arrested plaintiff in order to close the case and bolster his arrest statistics, which obviously would be an improper collateral objective.

# POINT V

## DEFENDANT JENNINGS' REQUEST FOR QUALIFIED IMMUNITY IS ENTIRELY PREMATURE.

It is beyond question that addressing the defense of qualified immunity on a motion to dismiss is generally disfavored. *See, e.g., Liffiton v. Keuker*, 850 F.2d 73, 76 (2d Cir. 1988); *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983); *Elmaghraby v. Ashcroft*, No. 04 CV 1409, 2005 WL 2375202, at *11 (E.D.N.Y. Sept. 27, 2005); *Verley v. Goord*, No. 02 Civ. 1182, 2004 WL 526740, at *17 (S.D.N.Y. Jan. 23, 2004); *Woods v. Goord*, No. 01 CIV. 3255, 2002 WL 731691, at *10 (S.D.N.Y. Apr. 23, 2002); *Hyde v. Caputo*, No. 98 CV 6722, 2001 WL 521699, at *2 (E.D.N.Y. May 11, 2001); *Walker v. Mendoza*, No. 00-CV-93, 2000 WL 915070, at *7 (E.D.N.Y. June 27, 2000).

In the instant matter, as noted *supra*, plaintiff has had virtually no discovery and it is impossible for either side to predict what discovery will reveal.[3] Similarly, it is impossible for the Court to predict whether there will be issues of material fact as to whether a reasonable officer could have believed that he had probable cause to arrest and prosecute plaintiff. Accordingly, any determination as to qualified immunity would be grossly premature at this stage of the litigation.

---

[3] Perhaps, as is discussed *supra*, discovery will reveal that the Hess complaint and/or the complainants lacked all credibility and that defendant Jennings knew that this was the case.

# POINT VI

## THE COMPLAINT ADEQUATELY STATES A
## CLAIM FOR MUNICIPAL LIABILITY.

The complaint alleges, at paragraphs 54 through 60, the three elements of a *prima facie* case required by, e.g., *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983): that plaintiff plead (1) an official policy or custom that (2) caused plaintiff to be subjected to (3) a denial of a constitutional right. Therefore, in order for the Court to dismiss the municipal liability claim at this juncture, before virtually any discovery has taken place, the Court must decide that it is beyond doubt that plaintiff can prove no set of facts in support of the claim. *See supra*.

In their memorandum of law, City defendants have obviously used boilerplate from their standard canned summary judgment motion, as is apparent from the repeated insistence that "plaintiff must establish," "plaintiff must demonstrate," "plaintiff must prove," and "plaintiff must show." It should go without saying that, on a motion to dismiss, plaintiff must merely allege, not establish, demonstrate, prove, or show.

Defendants argue first that plaintiff's *Monell* claim must fail because she cannot "establish" that her constitutional rights were violated. This argument is misplaced at this stage of the litigation. Defendants then maintain that plaintiff has failed to identify "any policy, custom or practice." This is simply untrue – at paragraph 55, plaintiff alleges that "customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting and prosecuting African-Americans based upon unsubstantiated allegations by business entities, without properly investigating, assessing, evaluating or verifying such allegations."

Finally, defendants complain that plaintiff has alleged only a single incident of this sort of police misconduct. Without conceding that it is necessary in a complaint to allege

other specific examples of misconduct, plaintiff is prepared (should the Court so direct) to amend the complaint to include references to, *inter alia*, the following civil rights actions:

- **Kwambe Elton Price v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 5081;

- **Shirley Adrakor v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 9423;

- **Tyryn Bey v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1773;

- **Terri Johnson v. City of New York,** United States District Court, Southern District of New York, 06 CV 0630;

- **Bradley Funnye v. Paragon Sporting Goods Co.**, United States District Court, Southern District of New York, 98 CIV 7731;

- **Jenny Henry v. City of New York,** United States District Court, Eastern District of New York, 06 CV 1110.

# POINT VII

## THE COMPLAINT ADEQUATELY ALLEGES VICARIOUS LIABILITY AGAINST HESS.

Defendant Hess's arguments in regard to vicarious liability are, to put it bluntly, bizarre. First, Hess fails to acknowledge that the complaint repeatedly alleges conduct by Hess "employees, servants and/or agents," not merely by Bi Bey. Second, Hess appears to argue that the conduct of its employees, servants and/or agents (including Angelique Hillocks) was not within the scope of their employment. Such an assertion in regard to Ms. Hillocks would be disingenuous. Furthermore, this is obviously a fact-intensive determination that may not be made on a motion to dismiss.[4]

---

[4] The case selected by Hess to support its proposition that a motion to dismiss is the proper vehicle by which to decide the scope of employment issue betrays Hess's utter desperation. In *Haybeck*, the plaintiff was a customer of defendant Prodigy who had unprotected sex with a Prodigy employee outside of the office and, as a result, contracted HIV. Not surprisingly, Judge Sotomayor found, as a matter of law, that the employee was not acting within the scope of his employment.

## CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that the Court deny all aspects of defendants' motion to dismiss.

Dated:    New York, New York
          April 4, 2006

                                          ROSE M. WEBER
                                          Attorney for Plaintiff
                                          225 Broadway, Suite 1608
                                          New York, NY 10007
                                          (212) 748-3355

                                  By:     /s_____
                                          ROSE M. WEBER (RW 0515)